UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GERALD GIBBONS                                                                                         PLAINTIFF

v.                                                                               CIVIL ACTION NO. 3:07CV-P697-S

KENTUCKY DEPARTMENT OF CORRECTIONS et al.          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Gerald Gibbons, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff is currently incarcerated at the Eastern Kentucky Correctional Complex.  However, his complaint arises out of alleged exposure to paint fumes while he was incarcerated at the Kentucky State Reformatory (KSR) and the alleged lack of treatment he received for that exposure at Little Sandy Correctional Complex (LSCC).  He sues the Kentucky Department of Corrections (KDOC) and Prison Health Services, Inc., and in their individual and official capacities KDOC Commissioner John Rees; KDOC Deputy Commissioner George Million; KSR Warden Larry Chandler; LSCC Warden Gary Beckstrom; and KSR Deputy Warden Paige McGuire.  He also sues in their individual capacities Dr. Fleming, and Nurse Denise Black, who are employed by Prison Health Services to provide medical services at LSCC.

Plaintiff alleges that on May 1, 2005, Defendants Warden and Rees decided to paint KSR, that painting was done for approximately 12 hours each day, and that in the course of the painting inmates became nauseous, dizzy, dehydrated and had sore throats and headaches.  He

states that at this time material safety data sheets were acquired showing that the paint being used was not intended for that purpose. He alleges that on May 26, 2005, KSR's safety officer shut down the painting operation based on data in the material safety sheet, but that nevertheless in early June 2005 "Warden Rees and Commissioner Rees" ordered the painting to resume. Plaintiff further alleges that no protective gear was provided to the inmates living in the area being painted and that the KSR medical department began receiving many complaints from inmates and staff "showing symptoms of classic pneumonitis and other pulmonological reactions and complications, dyspnea on exertion, hypoia, and chemical skin rashes." He further alleges that others "like plaintiff began experiencing cardiac complications as result to exposure to the chemicals in the paint." Plaintiff alleges that during this time the warning labels on the paint cans were altered "to prevent the hazardous chemical warning information from being disseminated among inmates and staff."

He states that on August 30, 2005, he went to "KSR medical" complaining of chest discomfort and shortness of air." He states that he was examined again on December 8, 2005, with "PA and lateral chest exam show[ing] pulmonary hyperinflation suggesting COPD, and there is mild to moderate diffuse fibrotic scarring throughout both l[u]ngs." He states that once he began complaining of medical complications he was transferred to LSCC, where he continued trying to obtain medical care for chest pain. He states that he was seen by the LSCC "medical department (Prison Health Services, Inc.)" but was not taken seriously. He alleges that Defendants acting in concert with one another directly or indirectly have been deliberately indifferent to his medical health needs by denying him medical treatment for injuries incurred by exposure to toxic paint fumes in violation of the Eighth and Fourteenth Amendments.

As relief, he requests a declaration that he has serious medical injuries incurred by exposure to toxic paint fumes.  He requests injunctive relief enjoining Defendants from denying him medical relief.  He asks for an independent medical examination with a recommendation commensurate with that a person in society would receive, and an order directing Defendants to provide that medical treatment.  Attached are copies of several grievances and some medical records.

He filed a "supplementary attachment to brief," which the Court considers to be an amended complaint (DN 7),[1] in which he states that he has suffered emotionally as well and seeks to recover punitive damages.  He attaches several exhibits to that document.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

---

[1] FED. R. CIV. P. 15(a)(1)(A) ("[P]arty may amend its pleading once as a matter of course . . . before being served with a responsive pleading.").

face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

## A.    *Injunctive and declaratory relief*

Since Plaintiff is no longer incarcerated at either KSR or LSCC, his requests for declaratory and injunctive relief are moot. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Those claims will be dismissed.

## B.    *Punitive damages*

### *1. Official-capacity claims and claims against KDOC*

In addition to suing KDOC, Plaintiff sues Defendants Rees, Million, Chandler, Beckstrom, and McGuire in their official capacities. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The Court lacks subject matter jurisdiction over Plaintiff's claims for punitive damages against the Department of Corrections, a state agency, and against the state officials in their official capacity by operation of the Eleventh Amendment to the U.S. Constitution. That amendment specifically prohibits federal courts from entertaining suits brought directly against the states or its agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.  Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in such a way as to foreclose that possibility.  *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).  The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'"  *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

There are essentially three exceptions to the rule cited above:  (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex Parte Young,* 209 U.S. 123 (1908), a litigant seeks injunctive or prospective relief from a state officer in order to prevent future constitutional violations.  *See Barton,* 293 F.3d at 948.  None of these exceptions exist in this case.

Because Plaintiff's claims against KDOC and against state officials in their official capacities are against the Commonwealth of Kentucky and, therefore, are barred by the Eleventh Amendment, the Court will dismiss them under FED. R. CIV. P. 12(b)(1) and 12(h)(3).

*2. Individual-capacity claims*

The Court will allow to go forward Plaintiff's claims for punitive damages against Prison Health Services, Inc., against Defendants Rees, Million, Chandler, Beckstrom, McGuire, Fleming, and Black in their individual capacities.  In doing so, the Court passes no judgment on

the ultimate merits of those claims. The Court will enter separate orders consistent with this Memorandum Opinion.

Date:


cc:     Plaintiff, *pro se*
       Defendants
       General Counsel, Justice and Public Safety Cabinet
4411.009