UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GERALD GIBBONS**                                                                                               **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 3:07CV-P697-S**

**KENTUCKY DEPARTMENT OF CORRECTIONS et al.**                            **DEFENDANTS**

### MEMORANDUM OPINION

Defendant Paige McGuire has filed a motion to dismiss the instant action (DN 16). Plaintiff has responded (DN 18), and Defendant McGuire has filed a reply (DN 19). This matter is now ripe for determination. For the following reasons, the motion to dismiss will be granted.

The complaint alleges that Plaintiff received medical injuries from exposure to paint fumes when the Kentucky State Reformatory (KSR) was painted in the summer of 2005 and that Plaintiff has been denied medical treatment for those injuries by Defendants in violation of his constitutional rights. Among other things, Defendant McGuire argues in her motion to dismiss that the claim against her is time-barred. Because the Court will grant the motion to dismiss on the time-bar issue, the other grounds raised by Defendant McGuire will not be considered.

According to the complaint and Plaintiff's response to the motion to dismiss, Defendant McGuire was deputy warden of operations at KSR and therefore had responsibility for how and when the painting was carried on, what paints were used, and where the inmates were to be housed during the painting. Thus, the allegations against Defendant McGuire stem only from the exposure to the paint and not from the alleged subsequent denial of medical treatment. Defendant McGuire alleges that Plaintiff's claim is barred by the statute of limitations because the complaint reflects that the alleged exposure to paint chemicals at KSR occurred in 2005 and Plaintiff did not file his complaint until December 18, 2007.

Defendant McGuire's motion cites Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Under Fed. R. Civ. P. 12(d), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Sixth Circuit has interpreted the language of former Rule 12(b)(6), which is mirrored in current Rule 12(d), to require "unequivocal notice" of the conversion of the motion to dismiss to one for summary judgment. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004). Because that notice has not occurred in this matter, the extraneous material attached to Defendant McGuire's motion to dismiss cannot now be considered.

Although a court ruling on a Rule 12(b)(6) motion may not consider matters outside the pleadings, *see Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989), when a plaintiff attaches an exhibit to his complaint, the attachment becomes a part of that pleading and may be considered. *See* Fed. R. Civ. P. 10(c). Therefore, the Court may consider the attachments to the complaint, which include copies of grievances.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

Defendant McGuire erroneously asserts that the statute of limitations is not tolled during the period of exhaustion of the prison grievance system. In fact, the one-year statute of limitations is tolled while exhaustion occurs. *Waters v. Evans*, 105 F. App'x. 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). The statute of limitations is tolled because a prisoner cannot bring suit in federal court until the administrative remedies at the facility are exhausted and it would be unfair to penalize a prisoner for not bringing his claims during the limitations period, while administrative proceedings were still ongoing. *See Brown*, 209 F.3d at 596. Thus, the statute of limitations begins to run once the plaintiff becomes aware of the injury, but is tolled while the prisoner seeks redress through administrative proceedings at the prison.

According to the complaint, the only grievance filed while Plaintiff was at KSR was #05-558, which was filed on July 5, 2005, and became final on September 21, 2005. That grievance stated in pertinent part that Plaintiff was having respiratory problems, nosebleeds, and chest pains that he believed were ongoing problems from painting that occurred in Dorm 1, where he

was housed, and on a wing in Dorm 3 where Plaintiff was housed at that time. The action Plaintiff requested in that grievance was to see a provider and have an outside consultation set up to evaluate any damage that the painting may have caused. His grievance was denied in September 2005. Plaintiff did not file his complaint until December 2007. According to the complaint, Plaintiff filed three other grievances in Little Sandy Correctional Complex after he was transferred there. However, those grievances could not pertain to the fact that KSR was being painted or to any action or inaction by Defendant McGuire, deputy warden of operations at KSR.

Thus, even considering the one-year statute-of-limitations period as tolled while Plaintiff's grievance was pending at KSR, more than one year passed between the denial of that grievance and the filing of the complaint against Defendant McGuire for her alleged actions in painting KSR. Therefore, the Court will, by separate order, grant Defendant McGuire's motion to dismiss based on the one-year statute of limitations.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice and Public Safety Cabinet
4411.009

4