UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GERALD GIBBONS                                                                        PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:07-CV-P697-S

KENTUCKY DEPT. OF CORRECTIONS et al.                                      DEFENDANTS

## MEMORANDUM OPINION

Defendants John Rees, George Million, Larry D. Chandler, and Gary Beckstrom have filed a motion to dismiss the claims against them (DN 43). Defendants argue that according to the complaint the only claims against Defendants Rees, Million, and Chandler arise from Plaintiff's exposure to the paint at the Kentucky State Reformatory (KSR) and not from the alleged subsequent denial of medical treatment. They also argue that the complaint does not mention Defendant Beckstrom beyond identifying him as warden at Little Sandy Correctional Complex (LSCC). They argue that Plaintiff failed to exhaust his administrative grievances with regard to any of these Defendants. They also argue that the claims against Defendants Rees, Million, and Chandler are barred by the statute of limitations. They further argue that the complaint does not allege sufficient personal involvement of these Defendants and that they are entitled to qualified immunity.

Plaintiff has filed a response (DN 56). He states that there is an issue of fact as to whether Defendants are entitled to qualified immunity in that, even if officials did not initially know of problems with the paint fumes, they certainly did by the time they started the second episode of painting.

**Claims relating to Defendants Rees, Million, and Chandler**

The allegations against Defendants Rees, Million, and Chandler stem only from the

exposure to the paint and not from the alleged subsequent denial of medical treatment. The complaint reflects that the alleged exposure to paint chemicals at KSR occurred in 2005 and Plaintiff did not file his complaint until December 18, 2007.

Defendants' motion cites Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although a court ruling on a Rule 12(b)(6) motion may not consider matters outside the pleadings, *see Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989), when a plaintiff attaches an exhibit to his complaint, the attachment becomes a part of that pleading and may be considered. *See* Fed. R. Civ. P. 10(c). Therefore, the Court may consider the attachments to the complaint, which include copies of grievances.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his

2

injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.

The one-year statute of limitations is tolled while exhaustion occurs. *Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). The statute of limitations is tolled because a prisoner cannot bring suit in federal court until the administrative remedies at the facility are exhausted, and it would be unfair to penalize a prisoner for not bringing his claims during the limitations period while administrative proceedings were still ongoing. *See Brown*, 209 F.3d at 596. Thus, the statute of limitations begins to run once the plaintiff becomes aware of the injury, but is tolled while the prisoner seeks redress through administrative proceedings at the prison.

According to the complaint, the only grievance filed while Plaintiff was at KSR was #05-558, which was filed on July 5, 2005, and became final on September 21, 2005. That grievance stated in pertinent part that Plaintiff was having respiratory problems, nosebleeds, and chest pains that he believed were ongoing problems from painting that occurred in Dorm 1, where he was housed, and on a wing in Dorm 3 where Plaintiff was housed at that time. The action Plaintiff requested in that grievance was to see a provider and have an outside consultation set up to evaluate any damage that the painting may have caused. His grievance was denied in September 2005. Plaintiff did not file his complaint until December 2007. According to the complaint, Plaintiff filed three other grievances in Little Sandy Correctional Complex after he was transferred there. However, those grievances could not pertain to the fact that KSR was being painted or to any action or inaction by Defendants who worked at KSR.

Thus, even considering the one-year statute-of-limitations period as tolled while

3

Plaintiff's grievance was pending at KSR, more than one year passed between the denial of that grievance and the filing of the complaint for the alleged actions in painting KSR. Therefore, the Court will, by separate Order, grant Defendants Rees, Million, and Chandler's motion to dismiss based on the one-year statute of limitations.

**Claim against Defendant Beckstrom**

Defendant Beckstrom was the warden at LSCC during the time that Plaintiff alleges he did not receive adequate medical care. Defendant Beckstrom argues that the health care grievances filed by Plaintiff relating to his medical care at LSCC did not mention Defendant Beckstrom and therefore Plaintiff has not exhausted his administrative procedures against Defendant Beckstrom. Therefore, Defendant Beckstrom argues, the claim against him should be dismissed.

The PLRA requires exhaustion of available administrative remedies before a prisoner may file suit in federal court under 42 U.S.C. § 1983. Exhaustion of administrative remedies is mandatory and applies to suits with respect to prison conditions regardless of the type of relief sought. *Booth v. Churner*, 532 U.S. 731, 739 (2001). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Attached to Plaintiff's complaint is a copy of grievance # 07-023 which was filed at LSCC on January 24, 2007. The statement of the problem portion of the grievance form is as follows:

> I have been transferred to this institution for medical treatment since my injury at the Kentucky State Reformatory. The paint fumes have caused constant heart and lung pains. I can feel the aggitation in my lungs and heart, and have not been treated for this

4

> condition. Instead of treatment, the medical staff continues to aim
> attention on smoking as a reason for the problems that I now
> suffer. This has nothing to do with smoking. Paint fumes has
> caused great harm to both my lungs and heart conditions.

Plaintiff's requested action was to have medical attention and treatment for his lungs and heart, specifically requesting that medical staff at LSCC have a specialist treat him and to instruct medical staff on the treatment plan for him to regain his health. The informal resolution of that grievance states that Plaintiff had been seen by a doctor and "appropriate treatment has been administered. [Plaintiff] refuses to quit smoking." The Health Care Grievance Committee Findings concurred with the informal resolution, stating that he had met with a medical provider, his concerns were being addressed, he should continue to work with the medical department and he should quit smoking. The Health Care Grievance Final Administrative Review agreed with the informal resolution and the findings of the Health Care Grievance Committee, and stated, "If you have lung problems you should cease smoking immediately."

Plaintiff's complaint also refers to LSCC grievance #06-9537 (filed December 13, 2006). He explains in the body of his complaint that in that grievance he asked to be transferred to KSR because LSCC could not treat him properly for his illness. According to the complaint, Plaintiff also filed LSCC grievance #07-9175 (filed January 29, 2007), in which he stated that he had been told by the parole board chairman that day that, due to his medical condition, he needed to make an appointment with the doctor at LSCC. However, Plaintiff did not attach copies of these grievances to his complaint. Moreover, although he appears to quote verbatim from those grievances, the Court cannot ascertain whether he has quoted his grievances fully or to whom his complaints were addressed or whether they named Defendant Beckstrom. Nor has Defendant Beckstrom provided those grievances to the Court so that the Court may ascertain this

5

information.

Under *Jones v. Bock*, 549 U.S. 199, 216 (2007), exhaustion is an affirmative defense, on which the defendant bears the burden of proof. Thus, a plaintiff is not required to plead exhaustion of remedies in his complaint. *Id.* The defendant's burden on this issue can rarely be carried by motion to dismiss under Rule 12(b)(6), because dismissal on the basis of an affirmative defense is only appropriate when the defense is established "on the face" of plaintiff's complaint. *Id.* at 215; *see Frees v. Duby*, No. 1:10–cv–609, 2010 WL 4923535 (W.D. Mich. Nov. 29, 2010); *Werdlow v. Caruso*, No. 09–11009, 2009 WL 4948490, at *6 (E.D. Mich. Dec. 14, 2009) ("[F]ailure to exhaust administrative remedies is not a proper ground for dismissal under Rule 12(b)(6)."). Here, Defendant Beckstrom has not carried his burden of showing the lack of exhaustion, and his motion to dismiss on this ground cannot be granted.

Defendant Beckstrom also argues that the complaint does not allege that he had any personal involvement with Plaintiff's medical care or in the case at all. The complaint alleges that:

> Defendants acting in concert with one another directly and/or indirectly have knowingly been deliberately indifferent to Plaintiff's medical health needs and associated complications of further pulmonary and cardiac deterioration by denying him medical treatment for injuries incurred by exposure to hazardous materials and chemicals from toxic paint fumes, in violation of his Eighth and Fourteenth Amendment rights.

The complaint makes no mention of any specific acts taken by Defendant Beckstrom that would lead to the conclusion that he was personally involved in the denial of medical care. Since this Court performed its initial screening of this complaint, the Supreme Court has made clear that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

6

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Therefore, the Court finds that Plaintiff has failed to state a claim against Defendant Beckstrom, and grant of Defendants' motion on this ground is warranted.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion (DN 43) will be granted by separate Order.

Date: September 10, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Counsel of record
4411.009