UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GERALD GIBBONS                                                                               PLAINTIFF

v.                                                                CIVIL ACTION NO. 3:07CV-P697-S

KENTUCKY DEPARTMENT OF CORRECTIONS et al.                              DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Defendants Denise Black and Prison Health Services, Inc. (PHS) have filed a motion to dismiss the instant action (DN 28). Plaintiff has not responded, although he has been given additional time to respond. This matter is now ripe for determination. For the following reasons, the motion to dismiss will be granted.

### I. FACTS

The complaint alleges that Plaintiff received medical injuries from exposure to paint fumes when the Kentucky State Reformatory (KSR) was painted in the summer of 2005 and that Plaintiff has been denied medical treatment for those injuries by Defendants in violation of his constitutional rights. According to Plaintiff's complaint, Defendant Black was a nurse employed by PHS at Little Sandy Correctional Complex (LSCC) and PHS is a private medical service which contracts to provide medical services at LSCC. He stated that after he was transferred to LSCC he requested medical treatment for the injury from the paint fumes he was exposed to at KSR where he had been housed previously. He alleged that once he was at LSCC he "continued the pursuit of trying to obtain medical care for the pain he was experiencing in his chest" but that the "LSCC medical department (Prison Health Services, Inc.)" did not take him seriously.

### II. ANALYSIS

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss may be brought on the basis of

"failure to state a claim upon which relief can be granted."  In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's allegations as true.  *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).  Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

      Defendants argue that regarding Defendant Black, Plaintiff merely states that his claim that he has medical complications from exposure to paint fumes "was not taken seriously" by medical staff at LSCC and that he suffered "mentally and emotionally."  Defendants argue that these allegations fall far short of the elements of a 42 U.S.C. § 1983 claim.  Defendants assert that Plaintiff has failed to allege a constitutional injury and, even if Plaintiff had alleged some harm, he has at best stated a claim for malpractice or negligence, not deliberate indifference to serious medical needs, or an inactionable disagreement with medical personnel over his diagnosis and treatment.

      The Court agrees with Defendants.  Attached to Plaintiff's complaint is a LSCC grievance form in which he complained that he needs medical attention and treatment for his lungs and heart and requested that he be treated by a specialist.  The response by Defendant Black was as follows:  "Inmate has been seen by doctor and appropriate treatment has been administered.  Inmate refuses to quit smoking."  "A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."  *Owens v.*

*Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003).

Defendants also argue that Plaintiff fails to state a claim that PHS is liable because a private corporation like PHS may not be held liable under a respondeat superior theory. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of *respondeat superior* or vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (1996). Like a municipal corporation, Defendant PHS's "liability must also be premised on some policy that caused a deprivation of [a prisoner's] Eighth Amendment rights." *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Here, Plaintiff does not allege or identify any specific policy or procedure implemented by PHS that caused a deprivation of Plaintiff's constitutional rights. Consequently, Plaintiff's claims against PHS also will be dismissed for failure to state claims upon which relief can be granted.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion to dismiss (DN 28) is **GRANTED**. By separate Order, the claims against them will be dismissed.

Date: January 18, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Counsel of record
4411.009